[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case arises out of an oral partnership in which one party, Liem Phan Vu, claims that the other, Davis Ha, breached the partnership agreement to the detriment of the plaintiff. The complaint is actually in eighteen counts wherein the plaintiff alleges a variety of theories of recovery against her partner. After trial, and in the plaintiff's memorandum of law, all but six of these counts were abandoned.
The partners met each other by chance when the defendant, in Virginia, responded to an ad in a Vietnamese newspaper concerning a beauty salon which was for sale by the plaintiff in Stamford. When the defendant arrived in Stamford, he found that the plaintiff's salon was sold, but the plaintiff showed him other CT Page 1212 salons which were for sale. Eventually, the two decided to go into business together as partners in a nail salon. The defendant had owned and sold several such salons in California, and the plaintiff had also owned a number of assorted businesses. There is no dispute that the parties entered into an oral agreement of partnership, with the percentage of interest 60% for the defendant and 40% for the plaintiff.
The parties did not buy an existing business but rather opened their own new endeavor, a nail salon they called Lovely Nails. It was understood that the plaintiff would be generally responsible for negotiating and securing a lease, contracting to have the salon fitted up, handling the advertising and be responsible for the books and records of the venture. The defendant was generally to operate and manage the business, and be responsible for hiring employees. The salon opened for business in the summer of 1995. The partnership lasted until November of 1995. It was then that the plaintiff presented the defendant with a proposed limited liability company agreement which displeased the defendant, who believed the agreement gave the plaintiff virtually all the control of the business. Disenchanted, and claiming he was never shown any bank statements or other records of the business by the plaintiff, he opened a new bank account; he also placed new locks on the door to the salon, testifying that he had discovered items missing. After this, the plaintiff never came to work in the shop again. Instead, at her insistence, a cashier was hired to handle the daily receipts.
At trial, in a frenzy of finger pointing, each party attempted to show how the other had either breached the understanding of the parties, or acted contrary to the best interest of the partnership. The parties also attempted to demonstrate how much each partner had invested in the business. The result was an unintelligible history of virtually every check, deposit, withdrawal and expense, with reams of invoices presumedly intended to substantiate the parties' respective claims. The court found the record keeping and business practices of the plaintiff abominable; business checks were made payable to cash, personal funds were mixed with partnership funds, and checks were exchanged with relatives.
In the plaintiff's claims for relief, fourteen in all, she seeks, inter alia, money damages, an accounting, appointment of a receiver and a temporary and permanent CT Page 1213 injunction. In her post-trial memorandum of law, and reply memorandum, however, the plaintiff makes it clear that what is sought is, in effect a dissolution of the partnership, a return of her investment, and indemnification for any liability on the lease of the premises in which Lovely Nails is located.
The main thrust of plaintiff's allegations underlying her claims against the defendant is that the defendant excluded her from the business, thus depriving her of her rightful interest in the partnership, its assets and its profits.
The first count of the remaining six counts being pursued by the plaintiff is based upon a breach of contract. The gravamen of this claim is that the defendant, by changing the locks to the premises and by opening a new bank account, wrongfully barred and excluded the plaintiff, and thus prevented her from participating in the business of the partnership. The evidence showed that indeed, the defendant did change the locks. However, it is undisputed that he provided the plaintiff with the key to the new locks within days. There is no evidence that the plaintiff attempted to gain entrance to the premises or that she was prevented by the defendant from doing so.[1] The defendant opened a new bank account because, according to his testimony, he no longer trusted the plaintiff and she did not provide him with access to bank statements. There is no evidence that he prevented her from becoming a signatory on the new account. The plaintiff has failed to prove by a preponderance of the evidence that the defendant breached the oral agreement of partnership.
The fourth count is the next one which the plaintiff pursues, which alleges a breach of an implied duty of good faith and fair dealing. This count incorporates the same allegations as those of the first count, specifically that the defendant wrongfully excluded the plaintiff from Lovely Nails. She also claims it was a violation of the covenant of good faith and fair dealing to retain for himself and his wife sixty percent of commissions paid for their own services rendered to customers.
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that would injure the right of the other to receive the benefit of the agreement." Habitz v. Condon, 224 Conn. 231, 238 (1992). However, as stated earlier, the plaintiff has failed to prove that the defendant wrongfully excluded the plaintiff from participation in CT Page 1214 the business. As to the retention of sixty percent of fees for services actually performed by the defendant and his wife, the evidence was undisputed that they received the same share of fees as did the other employees of the salon. Thus, the court cannot find that the defendant breached a covenant of good faith and fair dealing.
In her seventh count, the plaintiff claims tortious interference with a contract. The tort claim recognized in Connecticut, see Golembeski v. Metichewan Grange, No. 190,20 Conn. App. 699 (1990), does not lie where the alleged tortfeasor is the individual with whom the plaintiff has a contract. The plaintiff points to no authority to the contrary.
The plaintiff's twelfth count is for unjust enrichment. It too is predicated upon the allegation that the defendant excluded the plaintiff from the business, and improperly retained sixty percent of fees of customers he serviced. Similarly, the plaintiff has not proven these allegations.
For the same reasons, the claims of the plaintiff's fourteenth count are without merit.
In count sixteen, the plaintiff alleges that for all the reasons set forth in the complaint, the partnership should be dissolved. Although in her claims for relief, the plaintiff asks for the appointment of a receiver, an accounting, and disposal of the assets as the court may direct, neither party seeks that relief. The plaintiff actually, as stated in her memorandum of law, requests the return of her investment and indemnification on the lease.
The court has the power to dissolve a partnership by judicial decree, and may do so if it finds circumstances which would render a dissolution equitable[2] The court cannot imagine circumstances more compelling than exist in this case for such a finding. The parties have lost faith completely in each other; they each levy charges against the other for the failure of the business; one believes the other failed to keep proper records and to keep him apprised of the state of the partnership's finances; one claims physical exclusion from the business by the other and verbal attacks upon her.
Since the court cannot affix blame for the demise of the partnership on either party, and does not find that a breach of CT Page 1215 the partnership contract has been proven, the rights of the parties are generally governed by Connecticut General Statutes § 34-76.[3]
Accordingly, the court orders a dissolution of the partnership between the parties. Because the defendant Ha has continued in possession of the premises and continues to operate the business of the partnership, he is ordered to pay the plaintiff Vu, the value of her interest in the partnership. No expert evidence was presented as to the value of the business, and the court can only be guided by the testimony of the defendant as to the value of the stock in trade. This figure is $2,000 and the plaintiff's interest in the partnership being forty percent, she is entitled to forty percent of that amount, or $800. The court also views the security deposit for the lease on the premises to be an asset of the business. That amount being $10,800, the plaintiff is entitled to forty percent thereof, or $4,320. Furthermore, the plaintiff shall not be responsible for the terms of the lease or for any existing obligation of the partnership.
Therefore, the court orders:
(1) A decree of dissolution of the partnership between the parties;
(2) That the defendant pay to the plaintiff the sum of $5,120 as the value of her interest in the partnership;
(3) That the defendant indemnify and hold the plaintiff harmless from any liability under the lease of the premises at 21 High Ridge Road, Stamford, and from all liabilities for the debts and obligations of the partnership.
So ordered.
Dated at Stamford, Connecticut, this 4th day of February, 1997.
D'ANDREA, J.